THE CITY OF MOUNT PLEASANT v. BREEZE.

1. MOUNT PLEASANT: GAMBLING. Section 14, chapter 15, Laws 1856, does not confer upon the city council of the City of Mount Pleasant authority to enact an ordinance declaring the setting up and keeping of any gambling device a misdemeanor and providing for the punishment of the same.

*Appeal from Henry District Court.*

FRIDAY, DECEMBER 28.

On the 8th of April, 1857, the city council of Mt. Pleasant passed an ordinance, the 9th section of which provides for the punishment of any one who shall keep any gambling device &c., declaring it a misdemeanor, and providing in another place for the punishment thereof. The defendant in May, 1859, was arrested and brought before a justice of the peace for a violation of this ordinance, the prosecution being in the name of the city. He was convicted and appealed to the District Court, where on his motion the cause was dismissed, and from this the city appeals.

*Woolson & McFarland* for the appellant, cited the following authorities: *Sill* v. *Village of Corning*, 15 N. Y. (1 Smith) 297, *Trustees of Clintonville* v. *Keating*, 4 Denio. 341; 2 Kent Com. 309; *Dunham* v. *Rochester*, 5 Cow. 462.

*Clarke & Doolittle* for the appellee.

WRIGHT, J.—The causes assigned in the motion to dismiss are:

*First:* The city had no authority to enact the ordinance. *Second*: The proceeding (if allowable) should have been in the name of the State. *Third*: The justice had no jurisdiction, but, if any where it was in the District Court.

The authority to pass the ordinance in question is claimed under section 14, chapter 15, Laws of 1856, special session; which provides that "the city council is invested with au-

The City of Mount Pleasant v. Breeze.

thority to make ordinances to secure the inhabitants against fire, against violations of law and the public peace, to suppress riots, gambling, drunkenness, indecent and disorderly conduct; to punish lewd behavior in public places, to suppress disorderly houses, and generally to provide for the safety, prosperity and good order of the city." In our opinion this provision does not confer the power claimed in this instance. The language employed seems to have been used with care, and in view of the distinction claimed by the defendant. The power given is not to pass ordinances to *secure* the inhabitants against gambling, but to *suppress* gambling and riots. It is true that the *effect* of the *suppression* may be to *secure* the inhabitants against the evils named, but it is to be done by their *suppression* and not by laws providing for their punishment as misdemeanors. The use of the general language at the conclusion of the provision quoted, must be taken in connection with the special powers conferred and be limited by it. That is to say that the city is "to provide for the safety" &c., but not in a manner unwarranted by the charter. The city council cannot *punish* that which they are only authorized to *suppress* under this general power.

This view renders it unnecessary to examine the other points made in the motion.

Judgment affirmed.