## The Town of New Hampton v. Conroy et al.

1. **Municipal Corporations**: REGULATING SALE OF WINE AND BEER: CONDITIONS IMPOSED. A city or town incorporated under the general law has no power to enact provisions in an ordinance intended to regulate the sale of wine and beer, making it a condition of the granting of a license therefor that the person to whom it is issued shall not sell liquors the sale of which is prohibited by the laws of the State, nor suffer or permit gambling on the premises occupied by him, and imposing penalties for the violation of such conditions, to be collected by action on the bond of the licensee. An ordinance so providing is void, and no action can be maintained on the bond to recover such penalties. BECK, J., *dissenting*.

*Appeal from Chickasaw District Court.*

TUESDAY, JUNE 21.

THE plaintiff is incorporated under the general incorporation law. The town council passed an ordinance providing that no person should sell any vinous or malt liquors without having obtained a license from the authorities of the town. It was provided the applicant for such license should execute a bond in the penal sum of one thousand dollars, conditioned

he would comply with all the provisions of the ordinance, among which was that no gambling should be permitted on the premises covered by the license, nor should any intoxicating liquors other than vinous or malt be sold thereon. For each and every violation of the provisions of the ordinance there should be forfeited and paid to the plaintiff, by the person to whom the license was granted, the sum of one hundred dollars.

The defendants Conroy & Dorgan applied for and there was issued to them a license in accordance with the provisions of the ordinance. They and the other defendants as their sureties executed a bond as provided therein, which was conditioned in substance that said Conroy & Dorgan would not suffer or permit any gambling, and would not sell any intoxicating liquors except vinous and malt on the premises described in the license. This action is brought on said bond, and the breaches alleged are that gambling was permitted, and intoxicating liquors other than vinous and malt were sold on said premises. There was a demurrer to the petition, which was sustained, and plaintiff appeals.

*Powers & Kenyon*, for appellant.

No appearance for appellee.

SEEVERS, J.—I. The sale of intoxicating liquors other than vinous and malt is prohibited by the laws of the State.

1. MUNICIPAL corporations: regulating sale of wine and beer: conditions imposed.
Cities and towns incorporated under the general incorporation law have the power " to regulate, license, and tax or prohibit beer and wine saloons, *       *       and to regulate or prohibit the sale of intoxicating liquors not prohibited by the State." Chapter 24, Laws of Sixteenth General Assembly; Miller's Code, § 463.

As we construe this statute, the plaintiff was prohibited from passing any ordinance regulating or prohibiting the sale of intoxicating liquors other than wine and beer. If in

attempting to carry out powers clearly conferred penalties have been attached to acts over which the plaintiff did not have jurisdiction, the ordinance so providing is void, and cannot be enforced.

Any ordinance which prescribes needful rules and regulations in relation to the sale of wine and beer within their limits may undoubtedly be enacted by cities and towns. The provision, whatever it may be, must relate to the sale of wine and beer. The ordinance in question, under the pretense of regulating the sale of wine and beer, provides penalties for the sale of other intoxicating liquors. How can it be said such penalties regulate or can have any effect on the sale of wine and beer. The power to prohibit is just as clearly granted as that to license or regulate. Now, suppose an ordinance should be passed prohibiting the sale of wine and beer, and it also provided that any one selling other intoxicating liquors should forfeit and pay one hundred dollars for each violation of the ordinance. Could such an ordinance be enforced? We are of the opinion it could not. No distinction in principle can be drawn between such an ordinance and the one in question. The case of *Hurber v. Baugh*, 43 Iowa, 514, is distinguishable because the ordinance in that case regulated and had reference to the sale of wine and beer only.

II.   Authority is conferred on cities and towns to "authorize the destruction of all instruments and devices used for the purpose of gaming." Code, § 456. The ordinance provides that any person who obtains a license and permits on the premises described in the license "any gambling or gaming for money" shall forfeit and pay the sum of one hundred dollars for each violation of the ordinance. The offense described in the ordinance is a crime, and punishable as such under the laws of the State.

The only power conferred on the plaintiff is to authorize it to provide by ordinance that all instruments and devices used for the purpose of gaming should be destroyed. No

The Town of New Hampton v. Conroy.

power is conferred to punish any one or prescribe penalties for permitting gambling or engaging therein, and yet this is what the ordinance does.

A similar ordinance under a statute much like the foregoing was held to be void in *The City of Mount Pleasant v. Breeze*, 11 Iowa, 399. Nor is there any distinction in principle between the case at bar and *The City of Chariton v. Barber*, 54 Iowa, 360. These cases are distinguishable from *Town of Bloomfield v. Trimble*, 54 Iowa, 399, on the ground that in the latter no express authority was conferred on the plaintiff to punish any person for drunkenness, nor was the same prohibited. Therefore, it was held under the general powers conferred on cities and towns by Code, § 482, the plaintiff might declare drunkenness an offense, and punish any one who violated the ordinance. But in the case at bar the power expressly conferred negatives the thought the plaintiff can punish by ordinance any person who may permit gambling otherwise than prescribed by statute. In our opinion the ordinance is void, and the demurrer was correctly sustained.

AFFIRMED.

BECK, J., *dissenting.*—I. I am unable to concur in the foregoing opinion. It cannot be doubted that under the statute authorizing cities and towns to license and regulate the sale of wine and beer, the munincipal corporations, by ordinance, may prescribe the places in which such liquors may be sold; may forbid sales thereof on certain days and at certain times; may prescribe that persons of bad character, or given to unlawful practices, shall not have licenses; and may impose upon persons licensed the duty of keeping orderly houses and require them to refrain from violation of law.

The plaintiff in this case, it seems, determined that those who violated the law by the sale of spirituous liquors and by keeping gambling houses were not fit persons to receive licenses for the sale of wine and beer. In order to enforce this

very fit and proper regulation, it required the licensees to ex-
ecute bonds—conditioned that they would not sell spirituous
liquors, nor permit gambling. These bonds were required
as means for the proper regulation of wine and beer saloons.

II. The opinion of the majority of the court holds that
the ordinance, in providing for the bond, prohibits or regu-
lates the sale of spirituous liquors, and the keeping of gam-
bling houses, and prescribes a punishment therefor. This
is the error of the opinion. I am at a loss to understand how
it can be held that the ordinance forbids or regulates the sale
of spirituous liquors and the keeping of gambling houses. It
simply provides in effect that those who violate the State law
by so doing shall not be licensed to sell wine and beer. This
is a regulation of the sale of wine and beer, and not a regula-
tion of the sale of other liquors. This proposition to my
mind is plain. To secure the enforcement of the ordinance,
and as a means of regulating licensed saloons so that only
such persons as are deemed fit may sell beer and wine, the bond
is required. If its conditions are forfeited, the penalty may
be recovered. The recovery of the penalty is not a punish-
ment for the violation of the State law, but is based upon a
contract whereby the obligor bound himself to obey and ob-
serve the regulations prescribed by the city for wine and beer
saloons.

III. If it be conceded that the provisions of the ordinance
prescribing a penalty for its violation, by the sale of spiritu-
ous liquors and by permitting gambling, is to be regarded as
fixing a punishment for an offense under the laws of the
State, and is therefore void, it does not follow that this action
cannot be maintained. It is not brought to recover the pen-
alty prescribed by the ordinance, but is prosecuted upon the
bond. If the ordinance be valid in its other provisions relat-
ing to the bonds required of licensees, it will be sustained and
enforced so far as it is valid. It is a familiar rule that an or-
dinance partly valid and partly void will be sustained as to all

its valid provisions; its invalid provisions only will not be enforced.

But in my opinion the penalty of $100, prescribed in an ordinance for its violation, is not to be regarded as a punishment for violations of the law of the State forbidding the sale of spirituous liquors and the keeping of gambling houses. The ordinance provides for the punishment of selling spirituous liquors and permitting gambling *in wine and beer saloons*. The acts forbidden by the ordinance are not offenses under the laws of the State. Under the ordinance the offense consists in doing the forbidden acts *in a wine and beer saloon*. No such element of the offenses of selling spirituous liquors and permitting gambling is recognized in the statutes of the State. The ordinance, therefore, does not provide for the punishment of an offense known to the laws of the State.

The views I have expressed upon this point are based upon the facts as stated in the majority opinion, which, I think, hardly presents the case made by the record before us. The town ordinance provides that recovery may be had upon the bond executed by the licensee for the penalty, $100, prescribed for the sale of spirituous liquors by him. It therefore clearly appears that the ordinance provides for the recovery, not of a fine fixed as a punishment for the violation of the ordinance, but for the penalty of the bond. The distinctions between a fine and a penalty provided for by a contract are obvious.

IV. The doctrines of the foregoing opinion, in my judgment, will lead to mischievous results. They take from the cities and towns the most efficient means of regulating wine and beer saloons. They reach further. Under them a bond executed by a munincipal officer, in pursuance of a city ordinance, for the safe keeping of and accounting for money of the city, cannot be enforced if such officer should embezzle the city's funds, for the reason that he would be guilty of a crime under the laws of the State, and the recovery of the penalty of the bond would be a punishment of such crime.

I have not time to more than present the grounds of my objections to the foregoing opinion. I cannot now support my position by arguments. It is my opinion that the judgment of the District Court ought to be reversed.