THE CITY OF CENTERVILLE v. MILLER.

1. **Municipal Corporations**: CITY ORDINANCE: NUISANCE. A city ordinance which declares the keeping of a house where loud and unusual noises are permitted a nuisance; and provides that whoever is convicted thereof shall be punished, is valid under section 456 of the Code. It does not define an offense punishable by the laws of the State.

*Appeal from Appanoose District Court.*

MONDAY, OCTOBER 24.

THE defendant was convicted in the mayor's court of the city of Centerville of having violated an ordinance of the city. The ordinance in question (119) provides among other things that the keeping or controlling of any house or building within the corporate limits of the city where loud or unusual noises are permitted, or where persons are permitted to congregate and engage in the use of profane or vulgar language to the disturbance of others, is a common nuisance, and that whoever is convicted thereof shall be punished.

The information charged that the defendant, within the corporate limits of the city, kept and controlled a house wherein and around which loud and unusual noises were permitted, and wherein and around which persons were permitted to congregate and make use of loud, profane, and vulgar language to the disturbance of others, and contrary to the provisions of the ordinance.

From the conviction in the mayor's court the defendant appealed to the District Court, and demurred to the information on the sole ground " that the court has no jurisdiction of the offense charged." The demurrer was overruled, and the defendant elected to stand thereon, and judgment was rendered against him as provided in the ordinance. He appeals.

*Geo. D. Porter*, for appellant.

*Vermillion & Vermillion*, for appellee.

SEEVERS, J. — It is provided by statute that cities have the power to prevent riots, noise, disturbance or disorderly assemblages; to suppress and restrain disorderly houses, houses of ill-fame, billiard-tables, nine or ten-pin alleys or tables, and ball-alleys, and to authorize the destruction of all instruments and devices used for the purpose of gaming." Code, section 456.

1. MUNICIPAL corporations: city ordinance: nuisance:

The appellant insists the ordinance is void because the offense described therein and charged in the information is punishable under the laws of the State, and therefore the city cannot provide for the punishment of the same offense. No statute is cited defining and punishing the offense charged in the information, and we have not been able to find any such.

The information does not charge an unlawful assemblage, or a nuisance as defined by statute (Code, sections 4066, 4067, 4069, 4089.) Nor does the information necessarily define such offenses. We are, therefore, unable to say the ordinance is void because the offenses referred to therein are punishable under the laws of the State.

The appellant cites, and largely relies on *The City of Chariton v. Barber*, 54 Iowa, 360. In that case it was thought the power to "suppress and restrain" did not authorize the city to punish the keeper of a house of ill-fame. This information is not based on that clause of the statute, but upon the provision which authorizes cities to "prevent" riots, noises, disturbances, and disorderly assemblages. The cited case is largely based on *City of Mt. Pleasant v. Breeze*, 11 Iowa, 399, and we are not disposed to extend the rule therein announced. We know of no more effective way of preventing the commission of an offense than a provision providing for its punishment. Such power is clearly conferred and has been properly asserted.

AFFIRMED.