INCORPORATED TOWN OF NEVADA v. HUTCHINS.

1. **Cities and Towns:** POWER OVER NUISANCES. Cities and incorporated towns have no authority to provide by ordinance for the punishment by fine of persons guilty of obstructing the streets by buildings or otherwise. Such obstructions are declared by section 4089 of the Code to be *nuisances*, and section 456 confers upon cities and towns the power only to *abate* nuisances. The power thus expressly granted cannot be extended.

2. **Practice in Supreme Court:** SUSTAINING PART OF JUDGMENT. Where under an ordinance there was a judgment imposing a fine upon defendant for maintaining a nuisance, and an order was appended for the abatement of the nuisance at his costs, this court, being obliged to reverse the judgment as to the fine, cannot sustain the order for the abatement, which was merely incidental to the penalty.

*Appeal from Story Circuit Court.*

WEDNESDAY, OCTOBER 18.

THE defendant is the owner of a hotel in the town of Nevada. In front of the building there is a porch, and steps thereto, which extend beyond the line of defendant's lot and into the adjacent street about eight feet, and which totally obstruct that part of the street covered by them, the porch being some four or five feet above the level of the street. Under the porch and within the street there is an excavation made for the purpose of an entrance or passage-way to the basement of the hotel.

An information was filed against the defendant under an ordinance of the town charging him with keeping and maintaining an obstruction in the street. The defendant was arrested, tried and convicted before the mayor, and was fined in the sum of five dollars, and an order was made for the removal of the porch and steps, and requiring that the excavation in the street be filled. An appeal was taken by the defendant to the District Court, where a trial was had, and a like judgment was entered. Defendant appeals.

*John A. McCall*, for appellant.

*Dyer & Fitzpatrick*, for appellee.

ROTHROCK, J.—I. The ordinance upon which the prosecution is based, so far as applicable to the case, is as follows:

"SEC. 87. (1.) Be it ordained by the town council of the incorporated town of Nevada, that if any person shall place any obstruction or excavation on any street, sidewalk or alley within said town, or dig up or excavate, or shall keep any such obstruction in any street, sidewalk or alley, either by excavation or otherwise (except it be for a reasonable time in receiving or discharging freight or other goods, and the erection of buildings), he shall be fined in any sum not exceeding fifty dollars, nor less than five dollars, and said obstruction shall be removed at his or her expense."

*1. CITIES and towns: power over nuisances.*

It is contended by counsel for appellant that the ordinance is void, so far as applicable to this case, because the town had no authority under the statutes of the State to enact it.

Section 456 of the Code, in enumerating the powers of cities and towns, provides that "They shall have power to prevent injury or annoyance from anything dangerous, offensive or unhealthy, and to cause any nuisance to be abated; * * * to prevent any riots, noise, disturbance, or disorderly assemblages, to suppress and restrain disorderly houses, houses of ill-fame, billiard tables, nine or ten pin alleys or tables, and ball alleys, and to authorize the destruction of all instruments and devices used for purposes of gaming, and to protect the property of the corporation and its inhabitants, and to preserve peace and order therein." The act with which the defendant is charged is expressly declared to be a nuisance by section 4089 of the Code, which provides that "the obstructing or incumbering by fences, buildings, or otherwise, the public highways, private ways, streets, alleys, commons, landing places or burying grounds, are nuisances."

The power given by section 456 is to abate nuisances, and the question made is that under this power the town cannot, by fine, punish one who maintains a nuisance. In the case of the *City of Chariton v. Barber*, 54 Iowa, 360, it was held that the power to suppress and restrain disorderly houses, houses of ill-fame, etc., provided by this section, did not authorize the passage of an ordinance declaring the keeping of such a house a misdemeanor and imposing a punishment therefor. This case followed the case of the *City of Mount Pleasant v. Breeze*, 11 Iowa, 399. These cases were again followed in the case of the *Town of New Hampton v. Conroy*, 56 Iowa, 498.

Under section 456, power is given to "*abate*" nuisances and to "*suppress* and restrain" gambling houses. Now if, as we have held, this power to suppress and restrain does not authorize the passage of an ordinance providing punishment by fine for keeping a house of that character, it is difficult to see how such an ordinance can be approved punishing the maintaining of a nuisance by a fine, when the statute merely authorizes its abatement by the town.

The shade of difference in the meaning between the words "*abate*" and "*suppress*" is so fine that it cannot be said that the power of punishment can be exercised in one case and not in the other. We do not feel called upon to overrule the cases cited. They have been too long acquiesced in to be now disturbed. The case of *Mount Pleasant v. Breeze* was determined more than twenty years ago.

The decisions which we have cited are not inconsistent with the case of *Town of Bloomfield v. Trimble*, 54 Iowa, 399. That was a prosecution under an ordinance providing a penalty for intoxication. It was held that the ordinance was valid under the general provisions contained in sections 456 and 482 of the Code, which empower towns to "preserve peace and order therein," and promote the comfort and convenience of the inhabitants.

No express provision is made defining the power of towns

over the offense of intoxication as is made in the case of maintaining a nuisance or keeping a gambling house or house of ill-fame. The same may be said of the case of *City of Centerville v. Miller*, 57 Iowa, 56 and 225. In that case it was held that the town had power, under the general provisions of the sections of the statute above cited, to punish the keepers of disorderly houses, because they are authorized to "prevent" riots, noises, disturbances and disorderly assemblages. An ordinance prohibiting these offenses under proper penalties is about the only preventive which we could conceive.

The case before us is different. The statute explicitly determines that maintaining a building in a street is a nuisance, and that incorporated towns and cities may abate nuisances. Having in express terms prescribed the power over this subject, under the authority of the cases above cited, such power cannot be extended.

These views dispose of this case. The idea that the ordinance may be void as to the penalty but valid as to that part **2. PRACTICE in supreme court: sustaining part of judgment.** which provides for the abatement of the obstruction, cannot affect this case. Here the defendant was prosecuted and fined. We cannot affirm a part of the case and reverse the remaining part. The principal thing is the penalty, and the order of abatement is a mere incident.

It is unnecessary that we should determine the other questions in the case, in view of the fact that the ordinance is void as applicable to 'this offense, and there can be no retrial under it. There can be no great hardship in the limit thus placed upon the power of municipal corporations. The law of the State prescribing and punishing the maintenance of nuisances is ample for the protection of the public.

REVERSED