THE STATE v. BLAIR AND CERTAIN INTOXICATING LIQUORS.

1. **Intoxicating Liquors:** INFORMATION FOR SEARCH WARRANT: RESIDENCE OF INFORMANT. The informant for a search warrant under § 1544 of the Code, for the seizure of intoxicating liquors kept for unlawful sale, must be a resident of the county where the proceeding is instituted ; but it is not necessary that the fact of his residence in the county be stated in the information. It is sufficient if the justice issuing the warrant knows that fact personally, or is otherwise satisfied of it. (Compare *State v. Thompson*, 44 Iowa, 399.)

2. ———: ———: PERSON HOLDING PERMIT: ALLEGATION OF UNLAWFUL SALE. The keeping of intoxicating liquors by a person holding a permit, with the intent to sell them for unlawful purposes, subjects them to seizure and confiscation, under § 1544 of the Code, and it is not necessary to allege in the information for a search warrant in such a case that the owner of the liquors has in fact made unlawful sales. The effect of § 1536 of the Code is only to make actual unlawful sales evidence of the intent with which the liquors are kept.

3. ———: CONDEMNATION: PERSON HOLDING PERMIT: VERDICT. In a proceeding under § 1544 of the Code, to condemn liquors kept by one having a permit, on the ground that he kept them with intent to sell them contrary to law, the jury found that they were *so kept*, at the time of the seizure, by the defendant. The defendant moved in arrest of judgment on the ground that the jury had not found that he *had sold* liquors in violation of law; ( Code, § 1536;) but, under the evidence and instructions, ( see opinion,) the jury could not have found the verdict returned by them, without finding also that defendant had made unlawful sales, and it was therefore *held* that the motion was not well taken.

4. **Instructions:** WHOLE CHARGE CONSIDERED: ERROR WITHOUT PREJUDICE. An appellant cannot be heard to complain of an instruction

on the ground that it does not fully state what he claims to be the law, when the defect of which he complains is fully and clearly supplied by another instruction; nor can he complain of an instruction which, under the evidence, could not possibly have prejudiced him. (See opinion for instructions.)

5. **Intoxicating Liquors:** UNLAWFUL SALES: PERSON HOLDING PERMIT: DEGREE OF CARE REQUIRED: INSTRUCTION. In a proceeding to condemn liquors owned by one holding a permit to sell, the court gave an instruction to the effect that such person was bound, before making a sale of intoxicating liquors, to exercise reasonable care to ascertain whether the purchaser intended in good faith to use the liquor for one of the purposes for which he might lawfully sell it. *Held* that it was a correct statement of the law, and that it was properly given where the evidence showed that he had frequently sold a bottle of beer, or a quart of whisky or blackberry wine, upon the mere statement of the purchaser that he wanted it for mechanical purposes.

*Appeal from Keokuk District Court*—HON. D. RYAN, *Judge.*

THURSDAY, OCTOBER 13.

M. L. MAY filed an information, under oath, before a justice of the peace, in which he charged that certain intoxicating liquors were kept in a certain building, which was described in the information, and that said liquors were owned by the defendant, John T. Blair, and were kept by him with intent to sell the same in violation of law. The justice thereupon issued a search warrant upon which the liquors were seized. The notice of the seizure required by the statute was served on defendant, who appeared before the justice, and filed an answer, in which he alleged that he was the owner of the liquors, and that he held a permit from the board of supervisors for the sale of intoxicating liquors, and that he kept the liquors for sale only for the purposes enumerated in the permit, and denied that he kept the same for sale in violation of law. The trial before the justice resulted in an order for the destruction of the liquors. From that order defendant appealed to the district court, where the case was tried to a jury, who found that the liquors were kept by defendant for the purpose of being sold in

violation of the laws of the state, and the court entered an order for their destruction.

*Mackey & Fonda* and *J. P. Talley*, for appellant.

*A. J. Baker, Attorney-general*, for the State.

REED, J.—I. After the verdict was returned, the defendant filed a motion in arrest of judgment, one ground of which was that the information did not allege that May, the informant, was a resident of the county. The proceeding was instituted under section 1544 of the Code, which is as follows: "If any credible resident of any county shall, before a justice of the peace of the same county, make written information, supported by his oath or affirmation, that he has reason to believe, and does believe, that any intoxicating liquor, described as particularly as may be in said information, is in said county, in any place, described as particularly as may be in said information, owned or kept by any person named or described in said information as particularly as may be, and is intended by him to be sold in violation of the provisions of this chapter, said justice shall, upon finding probable cause for such information, issue his warrant of search.　*　*　*" It will be observed that the facts which are required to be shown by the information are expressly enumerated in the section. But it contains no express provision which requires that the fact that the informant is a resident of the county is to be shown by the information. It is true that, to give the justice jurisdiction to issue the warrant, the information must be made and verified by a resident of the county. He is required, therefore, before issuing the warrant, to institute an inquiry as to the residence of the informant. But the fact of his residence may be shown by proof independent of the information, or, if the fact should be within his personal knowledge, we see no reason why he might not act upon that knowledge. There is nothing either

*Marginal note:* 1. INTOXICATING liquors: information for search warrant: residence of informant.

VOL. LXXII—38

in the provisions of the statute, or in the nature of the case, which requires that the fact should be shown by the information. The question is similar in principle to that determined in *State v. Thompson*, 44 Iowa, 399.

II. It was shown upon the trial that defendant held a permit from the board of supervisors to sell intoxicating liquors for mechanical, culinary and sacramental purposes. One ground in the motion in arrest was that the information did not charge that defendant had sold intoxicating liquors in violation of law. It is provided by section 1536 that, when intoxicating liquors shall be seized under a search warrant, it shall be no bar to the confiscation and destruction of the same that the party claiming them has a permit, if the court or jury trying the facts shall be satisfied from the proof that he has sold such liquors in violation or evasion of law. The ground, however, upon which the liquors may be seized and destroyed is defined by section 1544, and it is that they were intended to be sold in violation of law. The effect of the provision of section 1536 is simply to make the fact that the party has sold such liquors in violation of law evidence of the unlawful intent with which he kept them.

III. The verdict is in the following form: " We, the jury, find that the liquors seized, at the time of their seizure, were kept by the defendant, Blair, in Ollie, Keokuk county, Iowa, for the purpose of being sold in the state of Iowa in violation of the laws of the state." One of the grounds of the motion in arrest is that the verdict does not determine that defendant had sold liquors in violation of law. There was evidence on the trial which tended to prove that defendant had sold liquors for uses other than those designated in his permit, and it was upon evidence of that character that the state relied to establish that he had kept the liquors with intent to sell them in violation of law. And the jury were instructed, in effect, that, unless they were satisfied by the evidence that he had

made sales in violation of law, they should find for the defendant. The verdict, then, while it does not find specially that he had made such sales, necessarily implies a finding of that fact.

IV. There was evidence that one Clavering, who was in the habit of becoming intoxicated, purchased intoxicating liquors at defendant's store on a number of occasions, and there was evidence tending to prove that he was intoxicated at one time when he made a purchase. It was shown, however, that all of the sales to him were made by a clerk in defendant's employ, and defendant testified that he instructed his clerk not to sell liquor for any purpose to persons who were in the habit of becoming intoxicated.

**4. INSTRUC-TIONS: whole charge considered: error without prejudice.**

The district court gave the following instructions: " The statute makes it unlawful for any person, whether holding a permit or not, to sell intoxicating liquors to any intoxicated person, or to any person in the habit of becoming intoxicated Therefore you are instructed that, if you find from the evidence that the defendant so sold, such fact, when so established by the evidence, may be considered by you in determining the intent with which the said liquors were kept when seized in this prosecution." The objections urged against this instruction are (1) that the jury were warranted by it in finding that defendant kept the liquors with intent to sell them contrary to law from the fact, if they found it proven, that he made sales to a person in the habit of becoming intoxicated, even though such habit was unknown to him; and (2) that it warranted the finding that the liquors were kept with unlawful intent, on proof of unlawful sales by defendant's clerk, notwithstanding such sales were made without defendant's knowledge, or against his positive direction. The second objection is readily disposed of, however, by the fact that the court told the jury in another instruction that they could not consider the unlawful sales made by defendant's clerk, in determining the intent with which he kept the

liquors, unless he knew that such sales were being made by the clerk. The jury could not have misunderstood this latter instruction, and they are presumed to have considered the whole charge in determining the case. There was no evidence of any sales to intoxicated persons, or persons in the habit of becoming intoxicated, except those to Clavering. The instruction had reference to the sales to him, and was doubtless so understood by the jury. There was therefore no question in the case as to the sales by defendant in person to that class of persons, and the jury could not have been misled by the instruction as to the effect of a sale of that character by him as evidence of the intention with which he kept the liquors.

V.    The court gave the following instruction: "When the permit offered in evidence was issued to the defendant, a

5. INTOXICAT- trust was imposed on him, and by accepting it
ING liquors: he was bound to exercise the privileges conferred
unlawful
sales : person by the permit honestly and in good faith; and,
holding per-
mit: degree of if you find that he purposely evaded the law, then
care required:
instruction. such permit would be no protection to such sales.
And in this connection you should consider the conversations established by the evidence, at the times of the sales; whether or not he exercised due care in ascertaining whether or not the purchasers were, in fact, purchasing for an honest purpose; the business and occupation of the purchaser; and whether or not all the circumstances shown by the evidence establish the fact that the sales were honestly made. If honestly made, the sales were protected by the permit; but, if they were made with the intent to evade the law, the permit is no protection.    *     *     * "    We think this instruction is correct. It amounts to no more than that defendant was bound, before making a sale of intoxicating liquors, to exercise reasonable care to ascertain whether the purchaser in good faith intended to use the liquor for one of the purposes for which he might lawfully sell it; and very clearly the statute requires him to exercise that degree of care. The

instruction, too, was pertinent. There was evidence tending to prove that many of the sales proven were made by defendant, upon the naked statement of the purchasers that they desired the liquor for mechanical purposes. Now, when a man states that he desires a bottle of beer, or a quart of whisky or blackberry wine, for mechanical purposes, as was frequently the case here, a question may arise fairly as to whether he is telling the truth as to the use to which he intends to put it. At all events, it was for the jury to say whether defendant did exercise reasonable diligence to ascertain whether the liquor was in fact intended for that use when he made the sales upon that naked statement.

Exception is taken to other instructions given; but, without setting them out, we deem it sufficient to say that they appear to us to be correct.

The judgment will be                                                                AFFIRMED.