CITY OF KNOXVILLE, Appellant, v. CHICAGO, BURLINGTON & QUINCY RAILROAD COM-PANY *et al.*, Appellees.

**Cities and Towns:** POWERS: NUISANCES: FINES. A city or incorporated town has no authority to provide by ordinance for the punishment by fine of persons guilty of the crime of nuisance.

*Appeal from Marion District Court.*—HON. A. W. WILKINSON, Judge.

FRIDAY, OCTOBER 23, 1891.

INFORMATION on oath was filed with the mayor of the city of Knoxville, accusing the defendants "of the crime of erecting, keeping and maintaining a nuisance in said city, * * * in violation of the ordinances of said city, for that they used and kept a stock yard, for the keeping and loading of stock, in such condition as to constitute a nuisance under said ordinances." It is

asked in the information "that said defendants be
dealt with according to law, and that said nuisance be
abated." The defendants, being served with notice,
appeared, and separately demurred to the information,
upon the grounds that the information was insufficient,
and "because this court has no jurisdiction to try and
determine this case under the ordinances of said city."
The demurrers were overruled, and after hearing all
the evidence on both sides the court found that there
was a nuisance at the time of the filing of the informa-
tion, by reason of the condition of the stock yards, and
that the defendants had abated said nuisance, and
adjudged that the defendants pay the costs. From
this judgment the defendants appealed to the district
court, and the plaintiff's motion to dismiss the appeal
being overruled the case was called for trial to a jury.
After all the evidence was introduced, the court, on
motion of the defendants, instructed the jury: "You
are instructed that the city of Knoxville had no power
or authority to pass the ordinance under which the
defendants are being prosecuted, and, such being the
case, the ordinance is null and void, and you will
return a verdict in favor of the defendants." A
verdict was returned accordingly, and judgment entered
against the plaintiff for costs, from which the plaintiff
appeals to this court.—*Affirmed.*

*L. Kinkead,* for appellant.

*J. D. Gamble,* for appellees.

GIVEN, J.—I. The discussions resolve themselves
into the single inquiry, whether the city of Knoxville
had power to pass the ordinances under which this
prosecution is had. Eight sections of the ordinance
are set out at length, but the parts necessary to be
noticed are in substance as follows: It declares what
shall constitute a nuisance, and includes such acts as

are charged against the defendants, and provides that upon conviction the accused shall be subject to a fine not exceeding twenty-five dollars for the first offense, and in case of a continuance of the nuisance "a fine, the amount of which shall be the aggregate of ten dollars for each day such offender shall continue such nuisance after the first conviction, in no case exceeding one hundred dollars and costs." It is also provided: "And in all cases of conviction under this ordinance, whenever it shall appear to the court that such nuisance exists at the time of conviction, the court shall order and adjudge the removal or abatement or destruction, as the case may require, of such nuisance."

The contention as to the power of the city to pass this ordinance is fully answered in *Incorporated Town of Nevada v. Hutchins*, 59 Iowa, 506. It has been uniformly held that cities and incorporated towns have no authority to pass ordinances except as conferred by statute. Their authority as to nuisances is expressed in section 456 of the Code as follows: "They shall have power to prevent injury or annoyance from anything dangerous, offensive or unhealthy, and to cause any nuisance to be abated." The acts with which these defendants are charged are declared to be a nuisance by section 4089 of the Code. The power given by section 456 is to abate nuisances. In *Incorporated Town of Nevada v. Hutchins, supra*, it was held that the town had no authority to provide, by ordinance, for the punishment by fine of persons guilty of a nuisance. Following that, and the cases therein cited, we hold that the city of Knoxville had no authority to provide, by ordinance, for the imposition of fines against persons committing a nuisance, as defined in the ordinance; that the power of the city is limited to providing for the abatement of such nuisances. The power to provide, by ordinance, for the abating of nuisances is a complete answer to the appellant's argu-

ment that great prejudice would result to the citizens if nuisances can only be abated by the slow processes of indictment or action in equity.   Cities and incorporated towns have power to provide, by ordinance, for the abatement of nuisances, but not for the punishment, by fine, of those guilty of maintaining the nuisances.   Punishment must be by indictment under the Code.

II.   It is contended that although part of the ordinance providing for punishing the offender by fine be void, yet so much as provides for abating the nuisance is valid.   *Santo v. State*, 2 Iowa, 165, and *City of Keokuk v. Keokuk N. L. Packet Co.*, 45 Iowa, 197, are cited. This question is not involved in the case before us. The information charged a crime, the prosecution was criminal, and for the recovery of a fine the abatement ·of the nuisance was a mere incident.   The mayor found that the nuisance had been abated, and, hence, the appellant did not then or after ask, or was it then ·entitled to, an order of abatement.   There was nothing left of the case but to determine whether the defendants were liable to a fine under the ordinance for having maintained the nuisance which, upon notice, they had abated.   The question not being involved in the case, we do not determine whether so much of the ordinance as provides for abating nuisances is valid or not, but ·only that the part thereof providing for fine upon con- -viction was passed without authority, and is void.

The judgment of the district court is AFFIRMED.