## CITY OF YANKTON v. DOUGLASS.

1. A prosecution by a city for keeping a tippling shop in violation of a city ordinance, brought to the supreme court by writ of error, is, as affects the question of taxation of costs, to be considered a criminal case.

2. On affirmance on error to review a conviction of a crime, costs of the appeal are not to be taxed, in the absence of statute, against defendant.

(Opinion filed June 3, 1896.)

Error to circuit court, Yankton county. Hon. E. G. SMITH, Judge.

Defendant was convicted of keeping a tippling shop, and brought error to the supreme court, where the judgment was affirmed. This opinion is upon a motion to correct the judgment of affirmance by awarding the costs of the appeal against plaintiff in error. Denied.

*V. V. Barnes (Estes & Lambert,* of counsel), for plaintiff in error.

*Hugh J. Campbell,* City Attorney, for defendant in error.

CORSON, P. J. The defendant was convicted in the police court of the city of Yankton of the offense of keeping a tippling shop in violation of the provisions of an ordinance of that city, The defendant appealed to the circuit court, and a trial *de novo* was had, and the defendant was again found guilty, and he thereupon brought the case to this court by writ of error, and the judgment of the circuit court was affirmed. 66 N. W. 923. The judgment in this court was in the usual form in criminal cases—affirming the judgment of the court below, but without

costs. The attorney for the city now moves, in effect, that the judgment of this court be corrected by awarding the costs of the appeal against the plaintiff in error. The contention of the defendant in error is that, the state not being a party, the rule applicable to state cases does not apply, and the appeal should be regarded the same as an appeal in civil cases. This position, we think, is not tenable. Assuming that the case was properly brought to this court by writ of error, we are of the opinion that the same rule should apply that prevails in criminal cases in which the state is a party. The offense of which the defendant was convicted was an offense at common law, and hence, although the act complained of is prohibited by the city ordinance, it is properly denominated a crime. The distinction between the mere violation of a city ordinance, not punishable by imprisonment, and a crime so punishable, is discussed in City of Huron v. Carter, 5 S. D. 4, 57 N. W. 947, and the conclusion arrived at that the former class of cases may be brought to this court by appeal. The case at bar being a criminal case and brought to this court by writ of error, we think the same rule applies as in ordinary criminal cases.

The statute governing costs on appeal seems to be applicable to civil cases only, or at least to such as are brought to this court by appeal. Sec. 5186, Comp. Laws, as will be observed, provides for costs in civil cases only; and Sec. 5187, Subds. 5, 6, relating to costs in the supreme court, speak of appeals only. Our attention has not been called to, nor have we been able to discover, any provision of the statute authorizing the taxation of costs against the plaintiff in error, in this court. Sec. 6985 providing that in case of conviction "the costs of the prosecution shall be taxed against the defendant," seems to apply only to the trial court, and does not include this court. In title 10, under the head "Writs of Error" (Secs. 7499 to 7525, inclusive), no provision is made for the taxation of costs, as against either the plaintiff or the defendant in error in this court, The application to correct the judgment is therefore denied,