122 211
131 496

---

THE INCORPORATED TOWN OF SIBLEY, IOWA, Appellant, v.
PETER LASTRICO.

**Dogs Running at Large:** PUNISHMENT OF OWNER.: ORDINANCES. Code, section 707, not only authorizes a city ordinance providing for the destruction of dogs running at large, unmuzzled, but such ordinance may also provide that the owner of the dog so running at large, shall be guilty of a misdemeanor and punished accordingly.

*Appeal    from    Osceola    District    Court.*—HON. WILLIAM
HUTCHINSON, Judge.

MONDAY, JANUARY 18, 1904.

IN an information filed with the mayor of Sibley, the defendant was accused of violating section 24 of Ordinance

48 of that town, by allowing two dogs belonging to him to run at large on the streets without being muzzled, and beyond his immediate control. The ordinance provided "that it shall be unlawful for any dog to be allowed to run at large within the limits of said town without being securely muzzled, and any owner of any dog who shall allow the same to run at large or go beyond his or her immediate control without being so muzzled shall be deemed guilty of a misdemeanor and punished accordingly." The defendant demurred on the ground that the city council, in enacting the ordinance, exceeded its powers. The demurrer was overruled, and the defendant was fined. Thereupon he appealed to the district court, where the demurrer was sustained, and defendant discharged. The state appeals.—*Reversed.*

*C. M. Brooks* for appellant.

*O. J. Clark* for appellee.

LADD, J.—The statute is not criticised for authorizing the destruction of the dog when running at large, because of the absence of a muzzle, even though this be without intentional wrong, and in obedience to its natural propensity to roam. The fault found by the state is that, while conceding the right of town and city councils to ordain its death, the effect of the construction of the statute by the district court was to shield from punishment the real culprit, its master, who, by failing to provide the animal with a proper covering for its nose, has exposed its life to danger. In construing a statute, unjust discrimination is always to be avoided, if possible. The section of the Code under which the ordinance was enacted provides that cities and incorporated towns "shall have the power to regulate, restrain, license or prohibit the running at large of dogs within their limits, and to require them to be kept upon the premises of the owners thereof, unless

licensed to run at large, and to provide for the destruction thereof when found at large contrary to and in violation of the provision of any ordinance or by-law passed pursuant to the power herein granted." Section 707 Code. How shall the council "regulate, restrain, license or pro-, hibit the running at large of dogs?" This must necessarily be done through the owners or those harboring the dogs. The statute is directed at men, not animals. This thought is emphasized by the next passage, conferring on the council the power "to require them to be kept on the premises of the owners thereof." If they are to be kept, somebody must keep them. This may be compelled. But how? Surely not by killing the dogs. Why not deal with the owners by whose fault the ordinance regulating their conduct has been violated? Section 680 of the Code confers on town and city councils authority to carry into effect all powers given, and to enforce obedience to ordinances by fine and imprisonment. Is there anything in section 707 of the Code precluding the application of this statute? We think not. Eliminate the sentence relating to the destruction of the dogs, and there could be no question as to the validity of the ordinance prescribing a penalty by fine and imprisonment. But killing the dogs cannot be treated as punishing men who violate the ordinance enacted in pursuance of the statute. Their destruction is authorized to enable the municipal authorities to clear the streets of strays or those not cared for, thereby to guard travelers against possible danger from unmuzzled curs. The provision is additional to those allowing the regulation of the dog's control, and is not in the nature of a penalty to be prescribed for the enforcement of ordinances to be enacted. Such was the conclusion of the Supreme Court of Minnesota in construing a like statute. *City of Faribault v. Wilson*, 34 Minn. 254 (25 N. W. Rep. 449).

Appellee labors under the misapprehension that the court is "tied up" by former decisions. This might be true

were the killing of dogs to be regarded as a penalty against the owners for failing to observe the conditions of an ordinance relating to the owners. In *Mt. Pleasant v. Breeze*, 11 Iowa, 399, the power to suppress gambling was held not to include that to punish those who engaged in the game. It was contended this was authorized by the power conferred in the same statute "to provide for the safety, prosperity and good order of the city." But the court held otherwise, saying, "The use of the general language at the conclusion of the provision quoted must be taken in connection with the special powers conferred, and be limited by it." However much we may differ as to what ought to be included in the power to suppress, there can be no dispute about the applicability of the maxim, "*Expressio unius est exclusio alterius.*" This was followed in *City of Chariton v. Barber*, 54 Iowa, 360, and *Town of New Hampton v. Conroy*, 56 Iowa, 498. In *Town of Nevada v. Hutchins*, 59 Iowa, 506, power to "abate" a nuisance was declared not to authorize an ordinance punishing its maintenance—especially so as the statutes of the state imposed a penalty for that offense. To the same effect was *City of Knoxville v. Ry.*, 83 Iowa, 636. All held in *Henke v. McCord*, 55 Iowa, 378, was that where the mode of punishment was prescribed by statute, as by fine or imprisonment, another—that by forfeiture of goods—cannot be added by ordinance. In *Town of Bloomfield v. Trimble*, 54 Iowa, 399, the penalty denounced by the ordinance was upheld as within a statute conferring general powers. None of these cases are pertinent to the question now before us unless it be assumed that the legislature intended the destruction of the dog as a penalty. But as already indicated, we do not think vicarious punishment was contemplated. The statute prescribes no penalty, and for this reason that allowed by section 680 was not excluded. That section authorized the town council to make and publish ordinances for carrying into effect

the powers conferred by the title of which section 707 is a part, and to enforce obedience by fine and imprisonment. This was what the plaintiff undertook to do.  It did not exceed its powers.—REVERSED.