Leonard *v.* City of Canton.

---

ROBERT E. LEONARD *v.* THE CITY OF CANTON.

1. CORPORATION: CONSTRUCTION OF CHARTER.—Grants to municipal corporations will be strictly construed, so as not to vest in them any right or power not expressly, or by necessary implication, conferred by their charters.
2. SAME: CITY OF CANTON.—The right granted to the city of Canton, by its charter, "to tax or entirely suppress all petty groceries," does not confer upon the corporation the power to grant licenses for retailing.
3. SAME: PERSONS PAYING MONEY TO A CORPORATION UNDER AN ILLEGAL ORDINANCE ENTITLED TO RECOVER IT BACK.—Where a municipal corporation assumes the power, not conferred by its charter, to grant a license to retail within its limits; a person holding such a license from the Board of Police, and in obedience to the corporation ordinances, purchasing the same privilege from the corporate authorities, will be entitled to recover, from the corporation, the sum so paid, as for money had and received by it, for his use.

ERROR to the Circuit Court of Madison county. Hon. E. G. Henry, judge.

*F. Smith* and *Davis & Hill*, for plaintiff in error.

*Lawson & Luckett*, for defendant in error.

FISHER, J., delivered the opinion of the court.

This was an action of assumpsit, brought by the plaintiff in error, to recover from the corporation of the city of Canton, the sum of five hundred dollars, alleged to have been received by the said corporation for the use of the plaintiff.

The facts, so far as a statement of them is necessary to present the point for decision, are briefly as follows : The plaintiff obtained a license from the Board of Police of Madison county, authorizing him to retail vinous and spiritous liquors in the town of Canton, for the period of twelve months from the 1st day of January, 1857. The corporate authorities of the said town, during the months of February and March, following, passed sundry ordinances on the subject of retailing, and these ordinances interfering with the plaintiff's rights, under his license obtained from the Board of Police, he applied to, and obtained from the said corporation, a license, authorizing him to retail vinous and spiritous liquors in said town, during the balance of the year, for which he paid the above sum of five hundred dollars. This statement, while it omits all aggravating circumstances, is, nevertheless, sufficient to present the point for decision, which is, whether the corporate authorities were, under the terms of the charter, authorized to grant the license above named to the plaintiff. It is said that the power "*to tax or entirely suppress all petty* groceries," conferred by the charter, implies the further power to license groceries. We disagree with counsel in this position.

The word, " *license,*" is used in this section of the charter in regard to other subjects, but is dropped when this subject is touched, and the word is again resumed in relation to other subjects ; and hence, we must conclude that the power to license, was intended by the charter to be confined to the several subjects, and to those only, which are specifically named.

It is a well-settled rule, in regard to acts of incorporation, that they must be strictly construed, and especially municipal corporations, for the reason, that as they are invested with a portion of the authority which properly appertains to the sovereign power of the State, they must be confined to those powers which are clearly granted, as it is only by such grants that the government proper can surrender its just authority. Nor, as a general rule, can any evil ever arise from such construction, since the inhabitants of the

corporation are not deprived of that protection which the State extends to her citizens in general. The power of the corporation is merely something added, as to the particular locality, to the general powers of government; or, in other words, it is a *special jurisdiction*, created for specified purposes, and, like all such jurisdictions, it must be confined to the subjects specially enumerated. The subject of retailing was regulated, prior to the passage of this charter, by a general law of the State; and if it is contended that this law has been repealed, or modified, as to the town of Canton, some provision of the charter must be pointed out, showing that the two laws are so inconsistent that they cannot stand and be operative together. No such provision, except the one quoted, has been shown; and, admitting that the corporation has the power to tax a grocery, which has been licensed by the Board of Police, this power must be construed with reference to the taxing power of the corporation, and must mean that the property invested in this business may be taxed as other property is taxed. But this question is not very material to be considered, and it will therefore be dismissed. It is clear that the money was paid for the privilege of retailing vinous and spiritous liquors in the town of Canton, for a specified period; and the power of the corporation to grant this privilege, must determine its right to receive the money. The power to license, as we have seen, is regulated by the general law of the State, and is not either expressly, or by necessary implication, conferred on the corporation. The power, then, not existing, the corporation could acquire no right to the money, which was paid for a supposed privilege, resulting from this assumption of authority.

Whether, therefore, the case is confined to the point upon which we have considered it, or is extended to the whole record, the plaintiff is clearly entitled to recover. His license, granted by the Board of Police, conferred upon him the right to enjoy the privilege therein granted, without interruption from any source, for the period of one year. The Legislature having no authority to interfere with this right, it is almost unnecessary to say that a subordinate tribunal, deriving its power from the Legislature, could not do what the Legislature itself would not venture to do. The maxim is almost too familiar to be quoted, that the power derived can never be greater than the source from which it is derived.

It is intimated that the plaintiff had in some manner violated the law, in the exercise of his right under his license.   If this be true, he was amenable to the proper authorities of the government, and liable to the penalties prescribed in such cases.   Whatever force this argument might be entitled to, if made at the proper time and place, it certainly comes with a bad grace from a corporation, exercising, to say the least, a very doubtful power, to continue a person in his vocation, after it was informed of his infractions of the laws of the country.

Judgment reversed, *venire de novo* awarded, and cause remanded.