## HERMAN STRAUSS

*v.*

## THE TOWN OF PONTIAC.

1. POWERS OF TOWNS — *extraterritorially.* A town cannot give its ordinances an extraterritorial effect, except so far as it may be clearly authorized so to do by the legislature.

5. SAME — *effect of a power to prohibit tippling-houses and dram-shops.* A power given to a town by its charter to prohibit tippling-houses and dram-shops, does not authorize the town to pass an ordinance forbidding the sale of spirits and beer in any quantity or for any purpose, except by persons authorized to sell for medicinal, mechanical or manufacturing purposes.

3. SAME — *a prohibition in a town charter not necessarily a grant of power to the town.* The prohibition in a town charter of the keeping in the town, or within a certain distance thereof, spirits or beer for purposes of traffic, prescribing the penalty therefor and the remedy for its recovery, does not confer upon the town any power to enact an ordinance on the subject.

APPEAL from the Circuit Court of Livingston county; the Hon. CHARLES R. STARR, Judge, presiding.

The opinion of the court states the case.

Messrs. FLEMING & PILLSBURY and Messrs. LELAND & BLANCHARD, for the appellant.

Mr. L. E. PAYSON, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action brought by the town of Pontiac against the defendant for violation of an ordinance prohibiting the sale of spirits or beer within three miles of the town limits. It is stipulated by the parties that the defendant had made

four sales of malt beer outside the town limits, but within three miles thereof, and it is also expressly stipulated that this suit is brought for a violation of the ordinance.

Section six of article four of the charter authorizes the town to declare what shall be a nuisance, and to prevent and remove the same.

Section nineteen of the same article authorizes the prohibition of tippling-houses and dram-shops in the town, or within five miles thereof.

Section seventeen of article seven forbids any person from keeping in the town, or within three miles thereof, spirits or beer for the purposes of traffic, under penalty of a fine of not less than twenty-five nor more than one hundred dollars, to be collected by prosecution before any justice of the town.

Section thirty-three of article four authorizes the making of all ordinances necessary to carry into effect the powers granted in the charter.

These are the only provisions of the charter relied upon as authorizing the ordinance in question.

We are not able to find in them any authority to pass that portion of the ordinance which forbids the sale of spirits or beer outside the corporate limits and within three miles thereof. It cannot be contended that a town can give its ordinances an extraterritorial effect except so far as it may be clearly authorized so to do by the legislature. Of the sections of the charter above quoted the only one which professes to give the town power to legislate for the territory beyond its limits is that which authorizes it to prohibit tippling-houses and dram-shops within five miles. The power to prohibit a tippling-house or a dram-shop cannot be considered as embracing the power to prohibit the sale for exportation or for domestic use of a cask of beer. The appellant in the case before us was a brewer. It does not appear from the stipulation whether the four sales made by him were at wholesale or retail. Under the ordinance in question a sale in any quantity or for any purpose, except by persons authorized to sell for medicinal, mechanical or manufacturing purposes, is forbidden. It would

be a perversion of terms to hold that the power to pass this ordinance can be derived from a grant of power to prohibit tippling-houses and dram-shops.

Section seventeen of article seven of the charter above referred to does, of itself, prohibit the keeping of spirits or beer for the purposes of traffic within three miles of the town, but it does not confer upon the town the power to enact an ordinance upon the subject. It does not purport to give the town any power whatever. It is a complete enactment within itself, defining the offense, the penalty and the mode of prosecution. The facts admitted on this record might have justified a conviction if the prosecution had been under that clause of the charter, but it was expressly stipulated in the court below that the suit was brought for a violation of the ordinance. By that stipulation they must now abide, and while we may concede that the town has the power under its charter to declare the sale of spirits or beer within its limits to be a nuisance and can punish it as such, yet as the charter gives it no extra-territorial power in regard to nuisances, we are constrained to hold that portion of the ordinance applying to the three miles beyond the corporate limits to be void. As under the stipulation we must decide the case upon the ordinance, and as that is a nullity so far as it applies to this case, the judgment must be reversed, and the cause remanded.

*Judgment reversed.*