THE PRESIDENT AND BOARD OF TRUSTEES OF THE
TOWN OF ASHTON

*v.*

FREEMAN ELLSWORTH.

1. STATUTES—*construction of section 22 of the act of March 5, 1867, amending the charter of the town of Ogle, and changing name to Ashton—relative to licenses.* The provision against trafficking in intoxicating beverages, contained in the 22d section of the act of March 5, 1867, amendatory of the charter of the town of Ogle Station, and changing its name to Ashton, is, in itself, a prohibition of the traffic, and no ordinance is required to render it effective.

2. FORMER DECISION. In the case of *Strauss* v. *The Town of Pontiac,* 40 Ill. 301, a similar provision was construed in like manner.

APPEAL from the Circuit Court of Lee county; the Hon. W. W. HEATON, Judge, presiding.

The opinion states the case.

Messrs. EDSALL & CRABTREE, for the appellants.

Mr. CHARLES BLANCHARD, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was a prosecution instituted by the president and trustees of the town of Ashton, against the appellee, for selling liquor in said town without a license. The suit was brought under the 22d section of an act of the legislature, approved March 5, 1867, amending the charter of the town of Ogle Station, and changing its name to Ashton. The section in question, after forbidding the granting of licenses, except as thereinafter provided, enacts that:

"No person shall be permitted to bring into said town, or keep about his or their premises, * * * any of the above named drinks, liquors, or intoxicating beverages, for the purpose of trafficking therein."

The same section imposes a fine upon any person violating any of its provisions, to be recovered in an action of debt before a justice of the peace.

It is contended, in behalf of the appellee, and was held by the circuit court, that a prosecution could not be maintained upon this provision of the charter, and that it could only be made effective by an ordinance. We held, however, in the case of *Strauss* v. *The Town of Pontiac*, 40 Ill. 301, which was not reported when the case at bar was tried, that a precisely similar provision in the charter of that town was, in itself, a prohibition of the traffic, and did not need to be supplemented by a town ordinance. The phrase in the charter, "no person shall be permitted," clearly implies a prohibition. We can entertain no doubt upon this point, when we consider that the same section imposes a fine of twenty-five dollars upon any person violating its provisions and this must be considered as imposed either upon the persons engaging in the unlawful traffic, or upon the officers of the town who fail to prevent it. The counsel of appellee seems to consider the punishment intended for the president and trustees of the town, but we are of opinion the legislature intended the fine to be imposed upon the person vending an article whose sale it was the obvious legislative design to prevent.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*