## TUCK VS. TOWN OF WALDRON.

LIQUOR LICENSE: *Municipal authority.*

    The provisions of sec. 12 of the act of March 9th, 1875, providing for the incorporation of cities, towns, etc., which authorizes them to license, regulate, tax, or suppress tippling houses and dram shops, and other places of habitual resort for tippling, etc., does not confer upon them the power to prohibit the sale of ardent or vinous spirits in any quanties, or by any persons, without license from the corporation. Nor have they such power by the provisions of the 22d section of the act. The general powers therein conferred do not enlarge the special powers conferred in the 12th section.

APPEAL from *Scott* Circuit Court.

Hon. L. J. JOYNER, Circuit Judge.

*Walker & Rogers,* for appellant.

ENGLISH, CH. J.:

On the 26th January, 1876, an affidavit was made before the mayor of Waldron, charging that W. L. Tuck "did sell ardent and vinous liquors inside the corporation of Waldron, without first having obtained license, as required by an ordinance adopted by the town council of said town."

The defendant demurred to the charge; the mayor overruled the demurrer, and the defendant, declining to answer further, was fined $25, and appealed to the Circuit Court, where the demurrer was renewed and overruled. The defendant was then tried by a jury, on the plea of not guilty; found guilty, and fined by the court $25; moved for a new trial, which was overruled, and he excepted, and appealed to this court.

On the trial, appellee proved that appellant, on the 26th January, 1876, sold to one A. J. Patrick, within the incorporated limits of the town of Waldron, one-half gallon of whisky.

Appellee also introduced the following ordinance:

"SECTION 1. Be it enacted by the town council of the incorporation of Waldron, that hereafter it shall be unlawful for any person to sell ardent or vinous liquors inside the limits of the incorporation of Waldron, without having first paid the incorporation license, as required by the laws and ordinances of said incorporation.

"SEC. 2. Any person violating this ordinance shall be fined in any sum not exceeding $25."

This ordinance was passed, from indications in the transcript, 5th January, 1876.

Appellant proved that on the 25th of August, 1875, a firm, of which he was a member, obtained a county license to carry on the business of selling wines and liquors in Waldron, for the term of one year; also, a State license to sell ardent or vinous liquors, either at wholesale or retail, in quantities not less than one quart, at the same place, and for a like period.

Appellant also proved, that the town of Waldron was not incorporated until the 6th November, 1875.

The court, at the instance of the appellee, and against the objection of appellant, instructed the jury, that if they found that appellant sold the half gallon of whisky in the incorporated town of Waldron, since the 5th day of January, 1876, they would convict him.

The appellant moved the following instruction, which the court refused:

"If the jury find, from the evidence, that the State and county licenses of defendant, introduced in evidence, bear date the 5th day of August, 1875, and were for the space and period of one

year from their date, and that the said town of Waldron was not incorporated until the 6th day of November, 1875, they will acquit."

Sec. 12 of the general act of March 9th, 1875, providing for the incorporation, etc., of cities and towns (acts of 1874–5, p. 1) expressly empowers all municipal corporations to license, regulate, tax, or suppress, tippling houses and dram shops, etc.

They are also expressly empowered to regulate or to prohibit ale and porter shops or houses, and public places of habitual resort for tippling and intemperance, and to declare what are such. Id., sec. 17.

The appellant was not charged with keeping a tippling house, dram shop, or saloon, or with selling wines or liquors in small quantities. He was charged, in general terms, with selling ardent and vinous liquors within the limits of the incorporation without town license, and the proof was that he sold a half gallon of whisky.

In the act for the incorporation of cities and towns, there is no express grant of authority to municipal corporations to require persons who wish to engage in selling wines and liquors by the quantity, or otherwise than as keepers of tippling houses or dram shops, etc., to obtain corporation license.

It is claimed, however, that they have such authority under general powers granted by the act.

Sec. 22 empowers them to make by-laws and ordinances for carrying into effect the powers, and discharging the duties conferred upon them by the act; and declares that they shall have power "to make and publish such by-laws and ordinances, not inconsistent with the laws of the State, as to them shall seem necessary to provide for the safety, preserve the health, promote the prosperity, and improve the morals, order, comfort and convenience of such corporations, and the inhabitants thereof."

Tuck vs. Town of Waldron.

The rule seems to be, as stated by Judge Dillon, that "When there are both special and general provisions, the power to pass by-laws under the special or express grant, can only be exercised in the cases, and to the extent, as respects those matters, allowed by the charter or incorporating act; and the power to pass by-laws under the general clause does not enlarge or annul the power conferred by the special provisions in relation to their various subject matters, but gives authority to pass by-laws, reasonable in their character, upon all other matters within the scope of their municipal authority, and not repugnant to the Constitution and general laws of the State." 1 Dillon on Mun. Corp., sec. 250, p. 275–6; *State* v. *Ferguson*, 33 New Hamp., 424; *City Grand Rapids* v. *Hughes*, 15 Mich. (2 Jennison), 52; *Harris* v. *The Intendant and Council of Livingston*, 28 Ala., 577; *City of Burlington* v. *Kellar*, 18 Iowa, 59.

Under this rule, the council of Waldron had no power to pass the ordinance for the violation of which appellant was convicted.

It undertook to prohibit the sale of ardent or vinous liquors, in any quantities, and by any person, without corporation license; when the act under which the town was incorporated only authorizes the council to license, regulate, tax, or suppress, tippling houses and dram shops (sec. 12), and to regulate or to prohibit ale and porter shops or houses, and public places of habitual resort for tippling and intemperance. (Sec. 17.)

If the legislature intended to authorize municipal corporations to require all persons who wish to engage in selling wines and liquors, in any quantities, within their corporate limits, to obtain corporation license, the intention should, and probably would, have been expressed in the act, and not left to inference.

Municipal corporations must confine their legislation within the scope of the powers conferred upon them by their charters. Martin, *ex parte*, 27 Ark., 467.

The judgment of the court below must be reversed, and the cause remanded, with instructions to the court to discharge the appellant from further prosecution for the offense charged against him.