WALTER *v.* THE TOWN OF COLUMBIA CITY.

TOWN.—*Liquor Law.*—*Town can not Require License.*—Neither the general law of this State for the incorporation of towns, approved June 11th, 1852, 1 R. S. 1876, p. 874, nor the act of March 17th, 1875, regulating the sale

of intoxicating liquors, 1 R. S. 1876, p. 869, authorizes a town incorporated under the former act to require a license to sell intoxicating liquors.

SAME.--Act of 1875.--Section 6 of the latter act does not authorize a town to require such a license, but simply limits the amount that may be charged by the town for such a license.

SAME.—There is no valid law in this State authorizing such a town to require such license.

From the Whitley Circuit Court.

*W. Olds* and *M. Sickafoose*, for appellant.

*C. B. Tulley*, for appellee.

HOWK, J.—In this action, the appellee, as plaintiff, sued the appellant, as defendant, in the court below, to recover a penalty for an alleged violation of an ordinance of said town.

The appellee's complaint, duly verified, was filed in the lower court, on the 14th day of April, 1876, and it was alleged therein, in substance, that, on the 10th day of March, 1876, the appellant obtained a license from the board of commissioners of Whitley county, Indiana, to sell spiritous, vinous and malt liquors, in a less quantity than a quart at a time, under an act entitled "An act to regulate and license the sale of spiritous, vinous and malt and other intoxicating liquors; to limit the license fee to be charged by cities and towns," etc., approved March 17th, 1875, within the limits of said town; that the appellant, while holding said license, on the 13th day of March, 1876, at and within said town of Columbia City, and said Whitley county, violated an ordinance of said town, regulating and licensing the sale of spirituous, malt and vinous, and other intoxicating liquors, within said town, which ordinance was duly passed by the board of trustees of said town, on the 20th day of July, 1875; that, on said 13th day of March, 1876, the said ordinance was in full force and effect, as an ordinance of said town, and a copy thereof was filed with and made a part of said complaint; that, on said 13th day of March, 1876, and at di-

vers times before and after said day, the appellant violated said ordinance by then and there unlawfully selling, for the purpose of gain, to one Frederick Mabur, and divers other persons, intoxicating liquors, within the limits of said town, in a less quantity than a quart at a time, to wit, one gill, to divers persons and to said Mabur, at the price of ten cents for each of said gills of intoxicating liquors so sold, and by then and there, and within said town, selling for the purpose of gain intoxicating liquors, as a business, to any and all persons desirous of purchasing such liquors, in less quantities than a quart at a time, in violation of said ordinance, and by then and there, and at divers times before and after said 13th day of March, 1876, unlawfully bartering, selling and giving away spirituous, malt and intoxicating liquors, for the purpose of gain, to divers other persons in a less quantity than a quart at a time, at and for other sums of money, and did then and there sell, barter and give away such liquors within the limits of said town, and did then and there suffer the same to be drank in his house and place of business, without first procuring from the board of trustees of said town a license so to do, and without first giving bond to keep an orderly house, and without first paying to the marshal of said town the sum of fifty dollars as a license fee to sell such liquors within the limits of said town, and without first procuring from the treasurer of said town a license for the privilege of selling such liquors within the limits of said town, in violation of, and contrary to, said ordinance of said town. Wherefore the appellee demanded judgment for one hundred and fifty dollars, and for all other proper relief.

To this complaint the appellant demurred, upon two grounds of objection, as follows:

"1. That the complaint does not state facts sufficient to constitute a cause of action;

"2. That there was no law, authorizing or empowering the board of trustees of said town of Columbia City

(plaintiff herein) to ordain or pass an ordinance regulating and licensing the sale of spirituous, malt, vinous and other intoxicating liquors within said town."

This demurrer was overruled by the court, and to this decision the appellant excepted, and then answered by a general denial.

The cause was tried by the court, without a jury, and a finding was made for the appellee, assessing a penalty against the appellant in the sum of fifty dollars, upon which finding the court rendered judgment.

The appellant's motion for a new trial was overruled, and to this decision he excepted.

The errors assigned by the appellant in this court are:

1st. The overruling of his demurrer to the appellee's complaint;

2d. That said complaint did not state facts sufficient to constitute a cause of action; and,

3d. The overruling of his motion for a new trial of this cause.

The real question for decision in this case may be thus stated : At the time of the passage of the ordinance described in the appellee's complaint, was the appellee's board of trustees authorized by law to regulate and license the sale of intoxicating liquors within the corporate limits of Columbia City, and to exact a fee for such license? If the appellee's board of trustees was not authorized by law to pass such an ordinance as the one counted upon in the appellee's complaint, then it is clear that the ordinance in question was an absolute nullity, and the complaint had no legal foundation. The board of trustees of an incorporated town has just such powers as the law has conferred upon such board, and none other. In this case, the record fails to disclose under what law the appellee was incorporated; but we assume, as the contrary does not appear, that the appellee was incorporated under the general law of this State providing for the incorporation of towns, approved June 11th, 1852. 1 R. S. 1876,

p. 874; *The Town of Brazil* v. *Kress*, 55 Ind. 14; and *The Town of Centerville* v. *Woods*, 57 Ind. 192.

At the time of the passage of the ordinance described in the complaint in this cause, by the appellee's board of trustees, there was no legislation of this State which authorized the board of trustees of towns incorporated under the general law of this State to regulate and license the sale of intoxicating liquors, or to exact a fee for such license, within the corporate limits of such towns. Nor has there been, at any time since the passage of said ordinance, any valid law enacted which would authorize the appellee's board of trustees to pass such an ordinance. We have no brief of this cause from the appellee in this court, in support of the rulings of the court below; but we learn from the brief of the appellant's counsel, that those rulings were probably founded upon section 6 of "An act to regulate and license the sale of spiritous, vinous and malt and other intoxicating liquors," etc., approved March 17th, 1875. That section is as follows:

"Sec. 6. No city or incorporated town shall charge any person, who may obtain a license under the provisions of this act, more than the following sums for license to sell within their incorporated limits: Cities may charge one hundred dollars and incorporated towns one hundred dollars, in addition to the sum provided for hereinbefore." 1 R. S. 1876, p. 871.

It is clear, we think, that this section was not intended to, and did not, confer any power or authority upon either cities or incorporated towns to regulate and license the sale of intoxicating liquors within their corporate limits. From the language of the section cited, and from the title of the act, it is manifest, that the Legislature merely intended, in and by said section, to impose a limit upon the amount to be charged for license by the corporate authorities of cities and incorporated towns, wherever they might be authorized by law to grant such license. By the general law of this State for the incorporation of

cities, the corporate authorities of such cities have been authorized for years to regulate and license the sale of intoxicating liquors within the limits of such cities. The general law of this State, providing for the incorporation of towns, has never authorized the corporate authorities of such towns to regulate and license the sale of intoxicating liquors within their corporate limits. *Cowley* v. *The Town of Rushville,* 60 Ind. 327.

In our opinion, therefore, the ordinance of the appellee, upon which this action was founded, was wholly unauthorized by law. It follows, of course, from this opinion, that the appellee's complaint in this action was insufficient, and that the appellant's demurrer thereto ought to have been sustained.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to sustain the appellant's demurrer to appellee's complaint.