## NEWPORT *v*. RAILWAY COMPANY.

Opinion delivered December 9, 1893.

1. *Incorporated towns—Levees.*

An incorporated town has no power to contract for the construction of a levee, nor to bind itself to pay therefor.

2. *Contract ultra vires—Ratification.*

Since an incorporated town cannot contract for the construction of a levee, it will not be held to have ratified such a contract by accepting the benefit of work done under it.

Appeal from Jackson Circuit Court.

JAMES W. BUTLER, Judge.

*J. M. Moore* for appellant.

1. The town of Newport had no power to make the contract; it was *ultra vires* and void. Secs. 749 to 782, Mansf. Dig. There is no *express* authority to build levees or contract for same. Municipal corporations possess no power except such as are *expressly* given or necessarily implied. 2 Wood, 594 ; 31 Ala. 76 ; 11 Am. & Eng. Corp. Cases, 248 ; 108 U. S. 110; 3 Wall. 330 ; 13 Wis. 37 ; 9 Mich. 165 ; 33 Ark. 704 ; Dillon, Mun. Corp. sec. 89; 33 N. H. 427 ; 31 Ark. 462 ; 128 Ill. 465 ; Cooley, Taxation, pp. 209, 210.

2. If the contract was entered into colorably for the purpose of aiding or securing a railroad, it is nevertheless void. Art. 12, sec. 5, const ; 134 Ill. 451 ; 33 So. Car. 2 ; 37 Minn. 498 ; 77 Iowa, 454.

3. The yeas and nays were not called and recorded on the passage of the ordinance. Mansf. Dig. sec. 774 ; 40 Ark. 105.

4. The acceptance of the work by the authorities was not a ratification, nor could it estop the town from denying the power of the council to make the contract.

10 Wall. 683; 9 Bush, 189; 24 N. J. Eq. 143; 1 Dillon, Mun. Corp. sec. 463; 81 Am. Dec. 104.

*U. M. & G. B. Rose* for appellee.

1. The statute expressly gives the power to construct "*levees*," among other things. Mansf. Dig. secs. 737, 740, 741, 749, 750. This power is *not* confined to cities, but extends to towns. See 49 Ark. 199.

2. The contract was not colorable. The levee was actually built, and was indispensable to the existence of the town.

3. As to calling the yeas and nays, this question is raised for the first time in this court. 46 Ark. 163; 53 *id.* 269. But the record shows they were called and recorded.

4. If the making of the contract was within the powers of the town, it was susceptible of ratification. 1 Dillon, Mun. Corp. sec. 463; 96 U. S. 351; 107 U. S. 357; 19 Fed. Rep. 393.

HUGHES, J. The facts in this case are substantially as follows : The town of Newport made a contract with the Batesville & Brinkley Railway Company to construct a levee on two sides of the town to protect it from overflow, and was to pay the company therefor, in the warrants of the town, ten thousand dollars ; and the Railway Company was to have the privilege of using the levee as a road-bed for its railway.

One line of the levee was completed, accepted and paid for by the town, after which it declined and refused to accept and pay for the other line of the levee, one of these lines being north, and the other south, of the town. The company, having, as it contends, completed the levee according to the contract, brought this suit to recover a balance of $4480, which it alleges to be due on the contract. There is also a *quantum meruit* count in the complaint, for work and labor done, and materials fur-

nished, in constructing a levee at the instance and request of the town.

The town answered, admitting that it attempted to execute the contract, but says, the contract was made for the purpose of inducing the railway company to locate and construct its road through the town, and to establish one of its principal stations there, and denies the power of the town to make the contract. It also denies that the levee was constructed for its use, or at its request, and says that it was constructed for the use of the railway company; it also says that the work was not done according to contract, and that the work and materials of the railway company were not of the value alleged; and that it had paid full value for all work done and materials furnished.

The cause was submitted to a jury upon the evidence in the case, and instructions by the court recognizing power in the town council to make a contract to construct a levee. All proper exceptions were preserved to the instructions given by the court, and to the court's refusal of instructions, in effect, denying power in the town council to make the contract.

The fifth instruction given by the court, to which exception was saved, is as follows: "The jury are instructed that if they find from the evidence in this case that the defendant entered into a contract with the plaintiff to pay it $10,000 in town warrants for the construction of a levee described in the written contract made with the defendant, together with its crossings and drains, and under that contract the plaintiff, with the full knowledge and consent of the defendant, under the supervision of its council, or a committee appointed by it, proceeded to construct said levee under said contract with the privilege of using it as a road-bed or railroad track, and to keep the same in proper repair, and the plaintiff did so construct, use and keep the same in

proper repair, so far as permitted by the defendant, they will find for the plaintiff whatever may be shown to be due and unpaid under said contract."

The jury found specially that the railway company, in constructing the levee around the town, had complied substantially with the contract sued upon, and returned a verdict for the railway company. The appellant seeks to reverse this judgment on appeal to this court.

Had the incorporated town of Newport the power to make the contract which was the foundation of this suit?

In 1 Dillon, Mun. Corp. sec. 89, it is said : "It is a general and undisputed proposition of law that a municipal corporation possesses and can exercise the following powers, and no others : First, those granted in express words ; second, those necessarily or fairly implied in or incident to the powers expressly granted ; third, those essential to the declared objects and purposes of the corporation—not simply convenient, but indispensable. Any fair, reasonable doubt concerning the existence of power is resolved by the courts against the corporation, and the power is denied." In *Spaulding* v. *Lowell*, 23 Pick. 71, 74, Chief Justice Shaw, in speaking of municipal and public corporations, says : They "can exercise no powers but those which are conferred upon them by the act by which they are constituted, or such as are necessary to the exercise of their corporate powers, the performance of their corporate duties, and the accomplishment of the purposes of their association." "It is proper, too, that these powers should be strictly construed, considering with how little care chartered privileges are these days granted." *Bank* v. *Chillicothe*, 7 Ohio, 411 ; *Port Huron* v. *McCall*, 46 Mich. 565. "They act not by any inherent right of legislation, like the legislature of the State, but *their authority is delegated*, and their powers, therefore, must be *strictly pursued*."

*1. Incorporated towns cannot build levees.*

Is there any express grant of power to an incorporated town to make a contract for the building of a levee?

Sec. 740, Mansfield's Digest, provides that "the city council shall have power to establish and construct and to regulate landing places, levees, etc." Sec. 8 of the incorporation act of March 9, 1875. This refers to cities of the first and second class, but not to incorporated towns. Their powers are not always the same. In enumerating the powers of municipal corporations of all classes in section 18 of the act of March 9, 1875, the power to construct levees is not given, though, as we have seen, it is given in section 8 of the act to cities of the first and second class. It follows, therefore, that there is no express grant of power to incorporated towns to construct levees.

Construing the powers of municipal corporations strictly, does it appear, beyond "any fair, reasonable doubt," that the power of an incorporated town to make a contract for the construction of a levee exists? Is such power "necessarily or fairly implied in or incident to the powers expressly granted," or is such a power "essential to the declared objects and purposes of the corporation, not simply convenient, but indispensable?" It does not appear to us that it is necessary that an incorporated town should possess such a power, in order to the exercise of its corporate powers, the performance of its corporate duties, and the accomplishment of the purposes of its organization. Unless such is the case, the power is not implied from the grant of general powers to an incorporated town. *Spaulding* v. *Lowell*, 23 Pickering, 71, 74. No "long established and well settled usage" appears to have existed with incorporated towns to exercise the power to construct levees.

In *Minturn* v. *Larue*, 23 Howard, 435, the court said: "It is a well settled rule of construction of grants by the legislature to corporations, whether public

or private, that only such powers and rights can be exercised under them as are clearly comprehended within the records of the act or derived therefrom by necessary implication, regard being had to the objects of the grant.    Any ambiguity or doubt arising out of the terms used by the legislature must be resolved in favor of the public."    *Thomson* v. *Lee Co.* 3 Wall. 320.

In *Leonard* v. *Canton*, 35 Miss. 189, a good reason is given for the rule that grants to corporations by the legislature should be strictly construed.    It is because they "are invested with a portion of the authority that properly appertains to the sovereign power of the State," and the State never surrenders its just authority save by grants that are clear and unambiguous.

When the exercise of power by a municipal corporation will result in the imposition of burdens or taxes upon the inhabitants, the existence of the power ought to be clear beyond a fair, reasonable doubt.    A different rule might lead to mischievous and oppressive consequences.    We are of the opinion that the incorporated town of Newport, in making the contract for the construction of the levee in this case, acted without either express or implied power, and that the contract was therefore void.

Was the contract such as could be ratified by accepting the benefit of work done under it, or is the town estopped by permitting the work to be done under it and accepting the benefit of such work?

2. Contract *ultra vires* cannot be ratified.

In *Schumm* v. *Seymour*, 24 N. J. Eq. 144, it is said : "It is a general and fundamental principle of law, that all persons contracting with a municipal corporation must, at their peril, inquire into the power of the corporation, or its officers, to make the contract.    And a contract beyond the scope of the corporate powers is void."    " The doctrine of equitable estoppel has no place in a case where usurped powers have been exercised by municipal officers,

who, in so doing, were contravening public policy, as well as known positive law." "Where officials are acting within the terms of their delegated powers, though they may be acting carelessly, negligently, or in culpable betrayal of their trust, they are the agents of those whose property is liable to be charged ; and if the latter acquiesce in or fail to interpose when the negligent or culpable conduct of their agents is open to their view, they will not afterwards be allowed to set it up when the effect of so doing will be to subject innocent parties to the burden that would otherwise fall upon themselves."

Judge Dillon, in sec. 463, 1 Dillon on Municipal Corporations, states the law in this behalf plainly and tersely, thus : "A municipal corporation *may ratify* the unauthorized acts and contracts of its agents or officers, which are *within the scope of the corporate powers, but not otherwise.* \* \* \* But a subsequent ratification cannot make valid an unlawful act without the scope of corporate authority. An absolute excess of authority by the officers of a corporation, in violation of law, cannot be upheld ; and where the officers of such a body fail to pursue the requirements of a statutory enactment under which they are acting, the corporation is not bound. In such cases the statute must be strictly followed; and a person who deals with a municipal body is obliged to see that its charter has been fully complied with ; when this is not done, no subsequent act of the corporation can make an *ultra vires* contract effective."

As the contract sued on in this case was without the scope of the corporate powers of the incorporated town of Newport, it could not be ratified, and the town was not estopped to deny its invalidity by having accepted and received the benefit of work done under it, with the knowledge and consent of the town.

The judgment of the circuit court is reversed, and judgment will be rendered here for the appellant.