N. MERNAUGH. PETITIONER, VS. CITY OF ORLANDO, RESPONDENT.

1. When there are both special and general grants of power to municipal corporations to pass ordinances, those given under the special grant, as a general rule, can only be exercised in the cases and to the extent as respects those matters allowed by the charter or incorporating act; and the powers given under the general grant do not enlarge or annul those conferred by the special grant in respect to its subject-matters, but gives authority to pass ordinances, reasonable in their character, upon all other matters within the scope of the

28

municipal authority not repugnant to the Constitution and laws of the State.

2. The terms "regulate" and "restrain," contained in Section 696, Revised Statutes, providing that the city or town council shall have power to regulate and restrain all tippling, bar-rooms, and all places where beer, wine or spirituous liquor of any kind is sold at retail, or to be drank upon the premises where sold; to require all such places to be kept and used subject to such reasonable regulations as the council may prescribe, and to require all keepers of such places to procure from the city or town a license for keeping the same under pains, penalties and forfeitures to be prescribed, do not include the power to prohibit the sale of such liquors in the limits of the city or town, but contemplate the existence and continuance of places for the sale of the same, and restrict the city or town to reasonable regulations and restraints in the conduct of such business.

3. The general powers conferred upon cities and towns by Section 673, Revised Statutes, to pass ordinances that may be necessary or expedient to preserve the public peace and morals, for the suppression of riots and disorderly assemblies, and for the order and government of the city or town, construed in connection with Sections 696 and 677, do not authorize the passage of an ordinance making the sale of intoxicating liquors, wines or beer an offense, even when the county in which the city or town is situated has voted against the sale of such liquors at an election held in pursuance of Article XIX of the Constitution, and laws adopted to put the same in operation.

4. Section 696, Revised Statutes, authorizing cities and towns to license places for the sale of intoxicating liquors, is not repealed by a vote against the sale of the same in a county in which the city or town is situated, under Article XIX of the Constitution, but is only suspended during the time that the local option continues in force.

5. The Supreme Court has power to review and quash on the common law writ of certiorari the proceedings of inferior tribunals when they proceed in a cause without jurisdiction.

This is a case of original jurisdiction.

*Massey & Baumgarten* and *J. M. Cheney*, for Petitioner.

*Wm. H. Jewell*, for Respondent.

MABRY, J.:

N. Mernaugh, petitioner in this court for certiorari, was convicted and fined in the municipal court of the city of Orlando on a charge of violating an ordinance of the city and appealed to the Circuit Court, where the sentence was affirmed.

The city ordinance was passed in May, 1899, and the portion alleged to have been violated, and alone involved in the case, provides that the sale of any intoxicating liquors, wines or beer when a municipal license is interdicted by law, is made an offense against the peace, good order and morals of the city, and any person convicted thereof shall be punished by a fine of not less than fifty dollars nor more than five hundred dollars, or by confinement to labor for not less than thirty days nor more than sixty days, or by both such fine and confinement to labor. The affidavit filed in the municipal court and the warrant issued thereon charged the petitioner with a violation of the provision of the ordinance stated, and upon that charge the trial was had. The proof in the municipal court showed a sale of a bottle of whiskey by petitioner after the adoption of the ordinance, and it also showed, we concede for the purpose of this decision, that prior to the adoption of the ordinance there was a majority vote of the people of Orange county, in which the city of Orlando is situated, against the sale of intoxicating liquors, wines or

beer in the county, at an election held in pursuance of
Article XIX of the Constitution, and the statutes adopt-
ed to put the same in operation.    The defense made in
the municipal court was that the provision of the ordi-
nance in question was void because the City Council
had no authority to pass it, and in the Circuit Court
the objection was made that the municipal court had
no jurisdiction, for the reason stated, to proceed against
the petitioner under the ordinance.    After the affirmance
of the municipal sentence on appeal in the Circuit Court,
a writ of *certiorari* was obtained from this court to bring
up the record before the Circuit Judge, and we are asked
to quash the proceedings on the ground of a want of
jurisdiction in the inferior court and the absence of any
other remedy.

    Counsel for the city insists that the ordinance is
valid, and no objection is made to the remedy if the ordi-
nance be found to be void.

    The city of Orlando, as shown by the record, was
organized under the general laws for the incorporation
of cities and towns, and whatever powers it has must be
derived from that source.    Section 673, Revised Stat-
utes, provides as follows:    "The city or town council
shall have power to pass all such ordinances and laws
as may be expedient and necessary for the preservation
of the public peace and morals, for the suppression of
riots and disorderly assemblies, and for the order and
government of the city or town, and to impose such
pains, penalties and forfeitures as may be needed to
carry the same into effect; provided, that such ordi-
nances shall not be inconsistent with the constitution
and laws of the United States or of this State; and, pro-
vided further, that for no one offense made punishable
by the ordinances and laws of said city or town shall a

fine of more than five hundred dollars be assessed, nor imprisonment for a period of time greater than sixty days." Under this grant of power it is claimed for the city that the ordinance can be sustained. It may be conceded that if there were no other grant of power or legislative regulations on the subject-matter of the ordinance the city could, under the rule of construction of municipal grants obtaining in this State (Jacksonville Electric Light Co. v. City of Jacksonville, 36 Fla. 229, 18 South. Rep. 677; Ex parte Simms, 40 Fla. 432, 25 South. Rep. 280), enact it. The sale of whiskey in a city tends to disturb the public peace and to produce disorder therein, and where it is not licensed but forbidden by State law, a city might well be permitted, under an unrestricted grant of power like that contained in Section 673, Revised Statutes, standing alone, to punish whiskey selling as being against the peace and good order of the city. But there is another grant of power to cities found in the general incorporating act relating to the particular subject of whiskey selling, contained in Section 696, as follows: "The city or town council shall have power to regulate and restrain all tippling, barrooms, and all places where beer, wine or spirituous liquor of any kind is sold at retail, or to be drank upon the premises where sold, billiard saloons, ten-pin alleys, theatres or public halls, and all places used for public exhibitions, games, or amusements of any kind, and taverns, hotels and other houses for public entertainment; to require all such places to be kept and used subject to such reasonable regulations as the council may prescribe; to require all keepers of such places to procure from the city or town a license for keeping the same, under such pains, penalties and forfeitures as the council may prescribe." The word "regulate" in this

section does not include the power to prohibit, nor does the word "restrain" in the connection in which it is used, confer it. Section 696, Revised Statutes, was compiled from the act of 1879, Chapter 3163, and whatever may have been the meaning of the word "restrain" in prior statutes, it can not be construed to mean prohibit in the connection it is employed in the chapter mentioned. When the act of 1879 was passed it was the settled policy of the State to tax and license whiskey-selling generally and the power conferred upon cities and towns by the terms "regulate and restrain," employed in the statute, contemplated the existence and continuance of such places therein mentioned, and authorized reasonable regulations and restraints to be thrown around them so as to avoid an unnecessary abuse of the privilege to sell conferred by the State. We have, then, in the general act under which the city of Orlando is organized a general grant of power to pass ordinances to preserve the public peace and morals, to suppress riots and disorderly assemblies and for the order and government of the city or town, and also a special grant of power to regulate and restrain bar-rooms and places where beer, wine or spirituous liquor of any kind is sold at retail or to be drank upon the premises where sold, and, using the language of Mr. Dillon, "this difference is essential to be observed, for the power which the corporation would possess under what may, for convenience, be termed, 'the general welfare clause,' *if it stood alone*, may be limited, qualified, or, when such intent is manifest, impliedly taken away by provisions specifying the particular purposes for which by-laws may be made. It is clear that the general clause can confer no authority to abrogate the limitations contained in special provisions." 1 Dillon on Municipal Corp. (4th ed.) §315.

In Section 316, this author formulates the general rule as follows: "When there are *both special and general provisions*, the power to pass by-laws under the special or express grant can only be exercised in the cases and to the extent, as respects those matters, allowed by the charter or incorporating act; and the power to pass by-laws under the general clause does not enlarge or annul the power conferred by the special provisions in relation to their various subject-matters, but gives authority to pass by-laws, reasonable in their character, upon all other matters within the scope of their municipal authority, and not repugnant to the constitution and general laws of the State." The following cases, as well as numerous others that might be cited, illustrate the application of this rule: Village of Mount Pleasant v. Vansice, 43 Mich. 361, S. C. 38 Am. Rep. 193; Huesing v. City of Rock Island, 128 Ill. 465, 21 N. E. Rep. 558, S. C. 15 Am. St. Rep. 129; Steffy v. Monroe City, 135 Ind. 466, 35 N. E. Rep. 121, S. C. 41 Am. St. Rep. 436; State v. Fay, 44 N. J. L. 474; Henke v. McCord, 55 Iowa, 378, 7 N. W. Rep. 623; The Town of New Hampton v. Conroy, 56 Iowa, 498, 9 N. W. Rep. 417; Strauss v. Town of Pontiac, 40 Ill. 301; Sullivan v. City of Oneida, 61 Ill. 242; Goddard v. Pres. Town of Jacksonville, 15 Ill. 588, 60 Am. Dec. 773; Leonard v. City of Canton, 35 Miss. 189; State v. Ferguson, 33 N. H. 424; Walter v. Town of Columbia City, 61 Ind. 24; Tuck v. Town of Waldron, 31 Ark. 462; Harris v. The Intendant and Council of Livingston, 28 Ala. 577; City of Portland v. Schmidt, 13 Oregon, 17, 6 Pac. Rep. 221; Angerhoffer v. State, 15 Texas Ct. App. 613.

Section 696 of the Revision contains a grant of power to cities and towns over the special subject-matter of tippling houses, bar-rooms and other places where

spirituous liquors, wines or beer are sold at retail, or to be drank upon the premises where sold, and it also contains limitations upon the entire subject-matter covered by the grant. The power is to regulate and restrain, which does not mean to prohibit. Under the rule stated this grant of power with its restrictions, excludes the power of the city to prohibit the sale of such intoxicants, which it might have under the general grant in Section 673 if it stood alone. The city of Orlando has, presumptively, proceeded upon the theory that Section 696, Revised Statutes, has been repealed, and can have no influence in determining the powers that it can exercise over the subject of whiskey selling. The provision of the ordinance under which the prosecution is had made it an offense against the city to sell intoxicating liquors, wines or beer when a city license was interdicted by law, and it appeared from the proof that the local option Article of the Constitution for suppressing the sale of such intoxicants had been put in force by a vote of the people. Assuming that the purpose of the ordinance was to punish the sale of beer, wine or intoxicating liquors in the city of Orlando when a license to sell the same had been prohibited by the operation of the local option laws under a vote of the people, can we, under such conditions, regard Section 696, Revised Statutes, as repealed or entirely removed from the consideration of the powers that the city can exercise in reference to such sales? Our judgment is that we can not. By the prior uniform decisions of this court, the local option Article of the Constitution prohibiting the sale of intoxicating liquors, wines or beer, when put in operation by a vote of the people, does not repeal, but simply suspends in the locality during its operation, the provisions of all statutes authorizing or licensing the

sale of such intoxicants. Butler and Chapman v. State, 25 Fla. 347, 6 South. Rep. 67; Cook v. State, 25 Fla. 698, 6 South. Rep. 451; State *ex rel.* Mira v. Smith, Tax Collector, 26 Fla. 427, 7 South. Rep. 848; Stringer v. State, 32 Fla. 238, 13 South. Rep. 450; Cason v. State, 37 Fla. 331, 20 South. Rep. 547.

Section 696 is still in force, of course, in counties where the local option laws have not been put in operation, and in those counties where they do operate, the section is not repealed, but simply suspended. There is a material difference in a statute being repealed or suspended. A repeal removes the law entirely, but when suspended it still exists and has operation in every respect except wherein it is suspended. Winterton v. State, 65 Miss. 238, 3 South. Rep. 735.; Hearn v. Brogan, 64 Miss. 334, 1 South. Rep. 246 *Vide* State v. Patrick & Boyd, 65 Mo. App. 653. If there had been a legislative repeal of Section 696, it may be that the city would have the power, under Section 673, to pass the provision of the ordinance in question, but as there has been no repeal, both sections must be construed together.

Some contention is made on behalf of the city that the ordinance can be sustained under the power given cities and towns in Section 677, Revised Statutes, to prevent and abate nuisances, but we do not see that it can. The statute has not conferred upon cities and towns the power to declare the sale of whiskey a nuisance, and, in fact, the ordinance in question has not undertaken to punish such sale as being a nuisance. The city may prevent or abate that which is a nuisance in fact (City of Orlando v. Pragg, 31 Fla. 111, 12 South. Rep. 368), but it was never contemplated by Section 677 that a city or town council could punish the selling of

whiskey on the ground that the mere sale was a nuisance. Section 696 contains the special grant and limitations on the subject of liquor selling, and the city must look to that for its powers.

Our conclusion is that the city of Orlando had no authority to pass the portion of the ordinance for a violation of which the petitioner was convicted, and that the municipal court had no jurisdiction in the premises.

The rule established here is that the Supreme Court has power to review and quash, on the common law writ of *certiorari*, the proceedings of inferior tribunals when they proceed in a cause without jurisdiction, or when their procedure is essentially irregular, and not according to the esential requirements of law, and no appeal or direct method of reviewing the proceedings exists. Jacksonville, Tampa & Key West Ry. Co. v. Boy, 34 Fla. 389, 16 South. Rep. 290; Hunt v. City of Jacksonville, 34 Fla. 504, 16 South. Rep. 398. Following this precedent, the judgment of the Circuit Court affirming the judgment of the city court of Orlando should be quashed. It is so ordered.