STATE EX REL. SEPIC, Respondent, vs. CITY OF MILWAUKEE, Appellant.

*October 12—November 7, 1906.*

*Liquor licenses: Revocation: Powers of Milwaukee common council.*

The Milwaukee city charter (subd. 1, sec. 3, ch. IV), giving to the common council power to "license, regulate, and restrain" those engaged in the business of selling liquor, does not by implication empower the council to provide by ordinance how licenses to sell liquor may be revoked or to confer power to revoke them upon a court. The general laws on that subject (secs. 1558, 1559, Stats. 1898), enacted by the same legislature as was the charter provision, apply to all municipalities and are exclusive.

APPEAL from a judgment of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge.    *Affirmed.*

On the 10th of July, 1905, the plaintiff in error was duly licensed by the city of *Milwaukee* to sell spirituous, malt, and intoxicating liquors within the city.    He paid the prescribed license fee and complied with the requirements of the law to entitle him to conduct such a business until July 1, 1906.    On December 8, 1905, petitioner was arraigned before the district court for Milwaukee county upon complaint of having sold liquors to minors contrary to the provisions of the city ordinances, and was convicted and sentenced to pay a fine for such offense.    The court also determined and adjudged: "And the court further orders that the license be revoked."    The

part of the judgment imposing a penalty and costs of the action was paid by plaintiff in error and is fully discharged. On April 27, 1906, plaintiff in error petitioned the circuit court that a writ of *certiorari* issue to the district court and to the clerk thereof commanding return to be made to the circuit court by the district court and its clerk of the proceedings had and taken in that action, and praying that the part of the judgment revoking the license to sell liquors, granted him by the city of *Milwaukee,* be vacated and held for naught. A proper return was made in obedience to such writ, containing the judgment of the district court in the action specified in the petition, showing that the court had found plaintiff in error guilty of the offense charged and had imposed a penalty and the costs of the prosecution, and further adjudging: "And the court further orders that the license be revoked." It also appeared by the return that plaintiff in error had paid the penalty and costs.

A trial was had in the circuit court in the proceeding, and the court determined as follows: "It is adjudged (1) that that part of said judgment above referred to, wherein the saloon license of plaintiff in error is attempted to be revoked, be and the same is hereby reversed." This is an appeal from such judgment.

By sec. 3, ch. IV, of the *Milwaukee* city charter the common council is given power to enact

"ordinances, rules, by-laws and regulations for the government and good order of the city—for the benefit of the trade, commerce and health thereof—for the suppression of vice—for the prevention of crime—and for carrying into effect the powers vested in said common council, as they shall deem expedient; and to declare and impose penalties, and to enforce the same against any person or persons who may violate any of the provisions of such ordinances, rules, by-laws and regulations. And such ordinances, rules, by-laws and regulations are hereby declared to be, and have the force of law, provided, that they be not repugnant to the constitution of the United

States or of this state. And for these purposes the common council shall have authority—anything in a general law of this state to the contrary notwithstanding—by ordinances, resolutions, by laws, rules or regulations."

By subd. 1 of this section the common council is given power:

"To regulate groceries, . . . saloons, gardens and all other places within said city, where wines and other liquors are sold for any purpose."

By sec. 7, ch. XVIII, of the General Ordinances of the city (1896) it is enacted that any licensed saloonkeeper who shall be guilty of the acts therein specified "shall be punished by a fine," in the amounts prescribed. It is further ordained as follows:

"Sec. 8. Whenever any person licensed under this chapter shall be convicted of any of the offenses specified in the last preceding section, the court in which conviction may be had or the common council shall have the power, in its discretion, to revoke or cancel any license issued to such person under the provisions of this chapter, and such license shall thereupon and thereafter be null and void."

For the appellant there was a brief by *John T. Kelly,* city attorney, and *Benjamin Poss,* assistant city attorney, and oral argument by *Mr. Poss.*

*William M. Tibbs,* for the respondent.

SIEBECKER, J. The revocation of respondent's license by the district court was admittedly sought to be accomplished under a city ordinance providing that a penalty should be imposed upon any person licensed to sell intoxicating liquors who should be guilty of violating the terms of the ordinance in the respects specified, and further providing:

"Whenever any person licensed under this chapter shall be convicted of any of the offenses specified in the last preceding section, the court in which conviction may be had or the common council shall have the power, in its discretion, to revoke

or cancel any license issued to such person under the provisions of this chapter, and such licenses shall thereupon and thereafter be null and void."

Upon review of the district court's proceedings, the circuit court held that the district court had acted without power in revoking the license of respondent and that the action of the court was without authority, and it set the action aside.

The appellant urges that the circuit court erred in so holding, and insists that the judgment of the district court in revoking respondent's license was proper under the ordinance referred to. This presents the question whether the city had power to provide by ordinance how a license to sell intoxicating liquors might be revoked and to confer such power to revoke on the district court. Reliance for such authority in the city is placed on the provisions of ch. IV of the city charter. This chapter vests the municipal government of the city in the mayor and common council. Sec. 3 provides that the common council shall have the power to enact and enforce ordinances pertaining to all matters concerning the government of the city. Following this general grant of power to legislate respecting municipal affairs is an express enumeration of many subjects concerning which legislative authority is conferred, and among them is that of regulating and restraining the business of dealing in intoxicating liquors. We have then a special provision in the charter granting authority to deal with the traffic in intoxicating liquors, and we must look to this section to ascertain what authority the common council has to legislate on this subject. An examination of this provision of the charter (subd. 1, sec. 3, ch. IV) shows that the council is given power

"to regulate groceries, . . . saloons, gardens and all other places within said city, where wines and other liquors are sold, . . . and to license, regulate and restrain tavern-keepers, grocers, . . . keepers of . . . saloons, . . . or other houses or places for the selling or giving away spirituous, . . . or fermented liquors; and to classify, grade and regu-

late the amount to be paid for licenses . . . and to restrain any person from . . . dealing [therein] unless duly licensed by authority of the common council; provided, the amount to be charged for any such license shall not [exceed the maximum or be less than the minimum] sum required by the general laws of this state, to be paid for like licenses in its towns and villages of the state, under the general laws which are hereby made applicable to all licenses granted hereunder, . . ."

It is urged that the powers enumerated in the foregoing provision "to license, regulate and restrain" those engaged in the business imply the power to prescribe upon what conditions that license may be revoked, and that the common council properly provided by ordinance in what manner such revocation should be made. We discover no such intention in the words of the grant, but, on the contrary, we deem the grant "to license, regulate and restrain" those engaged in the business to be an express limitation on the common council, empowering it to deal with the subject only in the respects these words imply. The words "regulate" and "restrain" do not in any sense mean revoke. As stated in *Mernaugh v. Orlando,* 41 Fla. 433, 437, 438, 27 South. 34, these words in a grant to a city to legislate on this subject cannot be construed to include the idea of "prohibit." The words must be deemed to have been employed in their usual sense, and cannot be enlarged by construction. It is manifest from the context of this grant that the legislature did not include in the grant the authority to prescribe how such a license should be revoked.

This conclusion is reinforced by consideration of the general legislation on the subject. Secs. 1558, 1559, Stats. 1898, which were passed by the same legislature that passed this charter provision and prior to it, prescribe by general law that licenses granted to persons engaged in the sale of intoxicating liquors shall be revoked by the proper town or village board or by the common council in cities upon complaint and notice to the party. The provisions of the statutes which in terms cover and deal with this subject, and are so framed as to ap-

ply to all towns, villages, and cities in this state, are very persuasive of the conclusion that the legislature intended that the procedure provided thereby should be exclusive of all others providing for the revocation of such licenses, and should apply to all municipalities. Considering the extent of the power granted by the charter and the general legislative provisions regulating the subject, we think it is obvious that the common council of the city of *Milwaukee* had no power to provide by ordinance how such licenses should be revoked, that the ordinance authorizing the district court or the common council to revoke such licenses upon the conditions and terms prescribed in it is void to that extent, and hence that the judgment of the district court revoking respondent's license was properly declared to be void.

*By the Court.*—Judgment affirmed.